IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MITCHELL A. CANNON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 07-3134-CV-S-RED |
| | ) | Crim No. 04-3042-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is Mitchell Cannon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1). For the following reasons, the Court finds the Motion is due to be **DENIED**.

### A. Factual and Procedural History

On March 31, 2004, a federal grand jury returned a one-count indictment charging Mitchell A. Cannon ("Cannon") with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cannon subsequently filed a motion to suppress evidence seized during a search of his apartment. Following a suppression hearing, U.S. Magistrate Judge James England recommended that the motion to suppress be denied; thereafter, U.S. District Judge Dean Whipple adopted the report and recommendation and denied the motion to suppress. Cannon proceeded to trial, and on September 28, 2004, Cannon was found guilty of the crime charged in the indictment. Cannon was sentenced on January 31, 2005, to a term of 275 months of custody. A timely appeal was filed, challenging the Court's denial of Cannon's motion to suppress. Specifically, the issue raised on appeal was:

Whether the district court erred in denying appellant's motion to suppress

> evidence and in finding that appellant granted constitutionally valid consent
> for the police to enter his apartment, and/or search his apartment where: (1)
> there was no clear evidence that the appellant granted consent to officers to
> enter his apartment, and/or (2) where the appellant was: (a) intoxicated; (b) not
> informed of his right to deny the officers' entrance; (c) not informed of his
> *Miranda* rights; and (d) the officers' conduct was inherently coercive and
> implied that appellant was in custody.

(Doc. 4-4). The Eighth Circuit affirmed the judgment of the District Court in an unpublished opinion. *See Cannon v. United States*, Slip Op. No. 05-1379 (8th Cir., December 28, 2005). Cannon petitioned the U.S. Supreme Court for a writ of certiorari; his petition was denied.

Cannon now petitions this Court under 28 U.S.C. § 2255 for post-conviction relief. He states four grounds for vacating his sentence. First, Cannon argues his counsel was unconstitutionally ineffective for five reasons: (1) for allowing evidence from the search of his home to be used at trial, (2) for failing to ask the officers why they didn't have a consent form to perform the search, (3) for failing to object to the fact there were no black jurors in the jury pool, (4) for allowing a family member of a U.S. marshal to serve as a member of the jury, and (5) for failing to object to the use of his prior convictions due to lack of notice pursuant to 21 U.S.C. § 851. Cannon also alleges unlawful arrest, no *Miranda* warning, and intoxication as grounds for post-conviction relief.

In the petition Cannon also raises several additional arguments including: (1) his February 1995 conviction should not be considered a violent felony or serious drug offense, (2) the District Court erred "because the two charges in 1975 should be treated as one and the Missouri drug charge was not a serious drug offense because of the amount," (3) he was not given proper notice of the enhanced punishment pursuant to 18 U.S.C. § 924 (e), and (4) he was sentenced before *Booker* and thus requests resentencing in light of *Booker*. These arguments

2

were provided as additional support for his argument of ineffective counsel; however, these arguments do not support such a claim. Thus, the Court will analyze these as additional grounds for relief.

### B. Analysis

Turning first to Cannon's assertions of unlawful arrest, no *Miranda* warning, and intoxication, it is well-settled that issues raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir 1981). As discussed above, these exact issues were raised and denied on appeal to the Eighth Circuit. Consequently, Cannon is barred from raising these issues again here.

Cannon's remaining claims regarding his prior convictions and sentence were not raised on direct appeal. Typically, claims that were not raised on direct appeal cannot be properly brought under § 2255. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, "relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992)). One method by which Cannon could show default and resulting prejudice is by raising an independent ineffective counsel argument, as he has done here. *See Perales*, 212 F.3d at 1111.

To establish an ineffective assistance of counsel claim, Cannon must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct

3

falls within the range of reasonable professional conduct.  *Id.* at 688-89.  To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances.  *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994).  To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different.  *See id.*  As discussed above, because "resulting prejudice" must be shown in order to obtain relief under § 2255, the Court need not address the issue of reasonableness if Cannon cannot prove actual prejudice.  *See id.*

Here, Cannon has failed to establish there is a reasonable probability that the outcome of his case would have been different but for his counsel's ineffectiveness. First, Cannon's assertions regarding the presentation at trial of evidence obtained during the search of his home and the questioning of the officers regarding consent were issues that *were raised* by his counsel in his motion to suppress.  Because the motion to suppress was denied, counsel's failure to raise these issues again at trial is not prejudicial.  Furthermore, Cannon's arguments regarding the composition of the jury pool and the inclusion of a family member of a U.S. marshal on the jury panel also do not support a finding of prejudice.  The absence of individuals from racial groups violates the Equal Protection Clause of the Constitution only "if it results from purposeful discrimination."  *Castaneda v. Partida*, 430 U.S. 482, 493 (1977).  Here, Cannon has failed to demonstrate purposeful discrimination.  Moreover, according to Cannon's counsel, Ms. Nahon, Cannon was actively involved in the selection of the jury and had ample opportunity to raise any objections to particular jury members.  Consequently, Cannon has failed to establish that the outcome of his proceeding would have been different had the composition of the jury and jury

4

pool been different.

Finally, Cannon's argument that his counsel was ineffective for failing to object to the lack of propr notice under 21 U.S.C. § 851 is unavailing as that statute does not apply to Cannon's conviction. Cannon's sentence was enhanced pursuant to the Armed Career Criminal Statute, 18 U.S.C. § 924(e); thus, the notice requirement under 21 U.S.C. § 851 is inapplicable. Nonetheless, proper notice was given on November 10, 2004 prior to sentencing that the Government intended to seek enhanced penalties under 18 U.S.C. § 924(e), and the indictment charging Cannon listed four crimes which qualified as predicate offenses for purposes of the enhanced penalties. Consequently, notice was sufficient and counsel's failure to object to lack of notice was not prejudicial.

Because Cannon is unable to show there is a reasonable probability that, but for his counsel's alleged shortcomings, the outcome of his case would have been different, he has failed to demonstrate ineffective assistance of counsel. Consequently, Cannon is barred from using § 2255 to raise the arguments that (1) his February 1995 conviction should not be considered a violent felony or serious drug offense, (2) the District Court erred "because the two charges in 1975 should be treated as one and the Missouri drug charge was not a serious drug offense because of the amount," (3) he was not given proper notice of the enhanced punishment pursuant to 18 U.S.C. § 924 (e), and (4) resentencing in light of *Booker* is appropriate. The Court would note, however, that even if Cannon were allowed to raise the arguments regarding his prior convictions, the outcome of his case would not change as Cannon has more than the requisite prior convictions to support a sentence enhancement under the Armed Career Criminal statute. The Court would also note that Cannon was sentenced after the *Booker* decision was handed

5

down and thus is not entitled to resentencing.

## C. Conclusion

For the foregoing reasons, Mitchell Cannon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE: July 20, 2007  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT